IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cv109-MU

| | | |
|---|---|---|
| GEDION W. TEKLEWOLDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| AMERICAN EXPRESS CORP., EQUIFAX (EFX), | ) | |
| EXPERIAN (EXP.), TRANSUNION (TRU), | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court upon a complaint which was filed by Plaintiff pro se. The Defendant Experian has filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, along with a supporting brief.

It appears that the Defendant may be entitled to dismissal of this action or summary judgment as a matter of law. Therefore, the Plaintiff is directed to file a response as described below:

**TO THE PLAINTIFF, GEDION W. TEKLEWOLDE, READ THE FOLLOWING VERY CAREFULLY:**

You are advised that under the provisions of Rules 12(b)(6) and 41(b) of the Federal Rules of Civil Procedure, the Defendant Experian has moved to dismiss the complaint for failure to state a claim upon which relief can be granted and for failure to prosecute. In effect, the Defendant is arguing that even assuming that all the facts alleged in the complaint are true, they fail to form a legal basis for any recovery and that you have failed to prosecute this case by failing to participate in discovery in good faith.

You now have the opportunity to respond to the motion and brief filed by the Defendant. You may not allege new facts surrounding the events in question as part of this response. You should base your argument solely on the allegations contained in the original complaint. Should you seek to add new allegations to your complaint, you must first file a motion for leave from the Court to amend the complaint, setting forth the proposed amendments.

The Court also informs the Plaintiff that in accordance with Fed.R.Civ.P. 56(e) the Plaintiff is required to file affidavits or unsworn declarations made under penalty of perjury, in opposition to the Defendant's submission of affidavits. If the Plaintiff does not file such affidavits or statements, the Court <u>may</u> grant the motion and enter summary judgment against the Plaintiff. If the Plaintiff does file such affidavits or statements the Court will consider them to determine if any genuine issue of material fact appears, and thereafter will either grant or deny the motion for summary judgment. The Plaintiff may also submit a brief written argument opposing the Defendant's brief supporting the motion for summary judgment.

Within fourteen days of receipt of this order, the Plaintiff must submit these materials or request an extension of the deadline for submission of these materials. If the Plaintiff files any affidavits or unsworn statements made under penalty of perjury opposing the Defendant's motion for summary judgment, the statements must either be sworn statements containing the seal of a notary public or must be signed and dated following a declaration which states:

>  "I declare under penalty of perjury that the
>  foregoing is true and correct."

You are hereby advised that you have fourteen (14) days from the filing of this Order in which to file your response to the Motion to Dismiss and for Summary Judgment. If you fail to respond to these motions, the Court will proceed to decide the matter. A copy of the response

must be served on Defendant and a certificate of service must be filed with the Court showing that a copy has been sent to counsel for the Defendant.

IT IS THEREFORE ORDERED that Plaintiff has fourteen (14) days from the filing of this Order in which to respond to Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.

The Clerk is directed to send Plaintiff's copy of this Order by **certified mail, return receipt requested**.

Signed: May 31, 2007

Graham C. Mullen
United States District Judge