IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV109-MU

| | | |
|---|---|---|
| GIDEON W. TEKLEWOLDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| AMERICAN EXPRESS CORP., | ) | |
| EQUIFAX, EXPERIAN AND | ) | |
| TRANSUNION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court upon Defendant Experian's Motion to Dismiss or, in the alternative, Motion for Summary Judgment, filed May 25, 2007. The court sent out a Roseboro notice to the *pro se* Plaintiff, who filed a response in opposition to Defendant's motion. Experian has now filed a Reply and this matter is ripe for disposition. A review of the Complaint in this case, even when construed liberally, reveals that the Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff seeks $225,000 in damages allegedly incurred as a result of "civil rights violation, economic terrorism and verbal assault against family members" by various credit reporting agencies including Experian. Plaintiff contends that certain information related to an American Express account has been reported incorrectly, and he sought to bring claims against American Express and the named credit reporting agencies, including Experian. The court dismissed Defendant American Express pursuant to Rule 12(b)(6) in May 2006.

A court should grant a motion to dismiss if the complaint itself fails to allege the elements for a cause of action or facts sufficient to support such elements. Bass v. E.I.. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.), cert denied, 540 U.S. 940 (2003). While a court must generally accept as true the factual allegations in a complaint when evaluating a motion to dismiss, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Market's Inc. v. J.D. Associates Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000).

Construed liberally, the closest thing to a cause of action that Plaintiff's Complaint purports to assert is a claim for negligent noncompliance under the Fair Credit Reporting Act ("FCRA"). A claim for negligent compliance under the FCRA consists of four elements: "(1) inaccurate information was included in a consumer's credit report;(2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry." Spitzer v. Trans Union LLC, 140 F. Supp.2d 562, 564 (E.D.N.C. 2000), aff'd 3 Fed. Appx. 54 (4th Cir. 2001) (quoting Philbin v. Trans Union Corp., 101 F.3d 957, 963 (3rd Cir. 1996)). Even construed liberally, Plaintiff's Complaint fails to allege these proper elements of a claim for negligent noncompliance under the FCRA.

Even if Plaintiff could survive a 12(b)(6) motion to dismiss, summary judgment for Experian would be appropriate pursuant to Rule 56. Plaintiff has failed to produce any competent evidence that any information on his Experian credit report is incorrect or that Experian failed to follow reasonable procedures. As Plaintiff had failed to produce any evidence of a triable issue of fact, summary judgment in favor of Experian is appropriate.

IT IS THEREFORE ORDERED that Experian's Motion to Dismiss or, in the alternative,

Motion for Summary Judgment, is hereby GRANTED.

Signed: June 21, 2007

Graham C. Mullen
United States District Judge